UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

FLINT DIVISION

| | | |
|---|---|---|
| Home Point Financial Corporation | : | |
| d/b/a Homepoint | : | CASE No: 2:23-cv-11515-RJW-DRG |
| v. | : | |
| Amres Corporation | : | |

Dated: January 14th, 2024

# DEFENDANT'S MOTION TO DISMISS FOR LACK OF STANDING AND SUBJECT MATTER JURISDICTION

I.   **Factual Background:**

1. Plaintiff brought this matter asserting it concerns a certain residential mortgage Note, ("the Note"), alleged to have been held by the Plaintiff, Home Point Financial Corporation ("Home Point"), at a time Complaint was filed. (ECF Doc. 1). Complaint is attached as **Exhibit A.**

2. Plaintiff alleges that it entered into a contract entitled "Correspondent Mortgage Loan Purchase Agreement" ("Agreement"), that governed Plaintiff's purchase of a residential mortgage loan originated by Defendant. This matter concerns a loan that Plaintiff purchased from Defendant in March 2022.

3. Complaint alleges *inter alia*, that Home Point enjoys a contractual right to force the Defendant, Amres Corporation to repurchase/buyback, the said loan from Home Point, pursuant to the terms of the Agreement between Home Point and Amres corp. Id.

4. Complaint further alleges that the Plaintiff, Home Point is a New Jersey Corporation, however has a principal place of business in the State of Michigan.  Id. at ¶1.

5. Complaint admits that Amres is a Pennsylvania corporation, with principal place of business in Bucks County, Pennsylvania. Id, at ¶2.

6. Plaintiff also cites the choice of forum clause in the underlying agreement as the source of venue and Court's subject matter jurisdiction under 28 U.S.C. § 1332, alleging that strict requirements of Diversity of Citizenship had been met.

7. However, , on or around August of 2023, immediately after the case was filed, per Plaintiff's own admission, Home Point Inc. was acquired by Mr. Cooper Group Inc., another mortgage outlet, headquartered in Texas.

8. Pursuant to F.RC.P. 7.1 and Local Rule 103.3, in support of the prong above, movant offers that the Plaintiff drafted and served, an undated but signed, Amended Corporate Disclosure Statement (attached as **Exhibit B** hereto), which states as follows:

> "Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 103.3, Mr. Cooper Group Inc. ("Mr. Cooper") states that, effective August 1, 2023, Mr. Cooper acquired Home Point Capital Inc., which was the parent company of plaintiff Home Point Financial Corporation. Mr. Cooper is a publicly-traded corporation, and upon information and belief as of the date of this filing, Blackrock Inc. and Vanguard Group Inc. each own over 10% of the publicly-traded shares of Mr. Cooper. Mr. Cooper respectfully requests the docket for this matter identify the plaintiff as: "Mr. Cooper Group Inc., as successor in interest to Home Point Financial Corporation."
>
> *s/ Neal Bailen*
> Neal Bailen
> STITES & HARBISON PLLC
> 323 E. Court Avenue
> Jeffersonville, IN 47130
> Telephone: (812) 282-7566
> Email: nbailen@stites.com
> *Counsel for Plaintiff, Mr. Cooper Group Inc.,*
> *as successor in interest to Home Point Financial Corporation*
>
> *s/ Neal Bailen*
> Neal Bailen
> 217517:

9. For reasons now apparent, Plaintiff never filed the Amended Disclosure statement attached herein and cited above, where it admits that the named party Plaintiff in this suit, has no been in legal existence, since August 1st 2023, by virtue of being acquired by a third party, Mr. Cooper.

## II.    LEGAL ARGUMENT

### A) Named Plaintiff, Home Point, Has Not Existed since August 1st 2023, per Plaintiff's Own Admission

10. Plaintiff admits that since the acquisition, Home Point is no more, and insists in its unfiled and undisclosed Amended Disclosure Statement, that Mr. Cooper is Home Point's successor in interest.

11. Further, in the Plaintiff's version of the proposed, but for this and other reasons, never assented to, "Settlement Agreement"[1] also claims, that the Mr. Cooper is a successor in interest to Home Point. *see* ECF No. 21-1, PageID.132.

12. Notably, unlike Home Point, Mr. Cooper, is a publicly traded company, publicly known to be incorporated in Delaware, and its principal place of business is in Texas, not in Michigan.

13. Unlike Home Point, there are no allegations that Amres transacted with Mr. Cooper in any state or Commonwealth.

14. F.R.C.P. 7.1(2) in relevant part, mandates that :

    **(2) *Parties or Intervenors in a Diversity Case.***

    In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The

---

[1] A Draft of the proposed, but never agreed to, "Settlement Agreement" , has been filed on record by the Plaintiff as EFC Doc. 21.

statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:

**(A)** when the action is filed in or removed to federal court, and

**(B)** when any later event occurs that could affect the court's jurisdiction under § 1332(a).

**(b) Time to File; Supplemental Filing.**

A party, intervenor, or proposed intervenor must:

**(1)** file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and

**(2)** promptly file a supplemental statement if any required information changes.

F.R.C.P. 7.1

15. It is fundamental that parties can not acquire Federal subject matter jurisdiction by contracting to do so, in that the Federal Court must have a statutory basis for subject jurisdiction over the matter either by Federal question, or diversity, as well as the venue.

16. Evidently, shortly after the matter was filed, neither the Plaintiff nor the Defendant were citizens of the State of Michigan, and the event of acquisition, per Plaintiff's own papers, extinguished the legal existence of the named Plaintiff, clearly also triggered Rule 7.1 2(B), requirement for Plaintiff to file an Amended/Supplemental Disclosure it drafted pursuant to section 2(b)(2), of the rule.

17. There is no Federal question in Plaintiff's complaint for a breach of contract, as Plaintiff has stipulated that this action is a "straightforward contractual matter", and hence the Complaint can not be amended to add a non frivolous Federal question cause of action. *See* EFC Doc. 11, CM Rule 26 f report of the parties attached as Exhibit C. at p.2 ¶B.

18. It is well settled that a determination of whether or not a party is a successor in interest with respect to a claim or liability is a question of Michigan law. Craig v. Oakwood Hosp., 471 Mich. 67, 684 N.W.2d 296 (2004); Foster v. Cone-Blanchard Machine Co., 460 Mich. 696, 597 N.W.2d 506 (1999); Turner v. Bituminous Cas. Co., 397 Mich. 406, 244 N.W.2d 873 (1976).

19. "We cannot conclude with any level of confidence, for reasons discussed later in this opinion, that plaintiffs could have pursued a successor liability claim in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division." RDM Holdings, Ltd v. Continental Plastics Co, 281 Mich.App. 678, 687; 762 N.W.2d 529 (2008).

20. Additionally, in their responses to written discovery, Plaintiff admits that there is no Assignment of any Claim at issue in this suit, (from Home Point to Mr. Cooper).

21. Plaintiff's sole argument for standing after August 1st 2023, and alleged right to enforce the Agreement in its bold and unilateral assertion that Mr. Cooper is the successor in interest of Home Point, found only a document it chose not to file, despite the black letter law requiring that it be filed.

22. Further, Rule 25 mandates that a Motion to Substitute party in interest must be filed in accordance with the Rule 25 (a)(3), in interest is in fact transferred.

23. By Plaintiff's own design this Court has not been appraised of the transfer of interest, and the only certainty is that the named party Plaintiff has not been in legal existence since August 1st 2023.

24. No Court has determined that the interest in the claim in this case has indeed, been transferred, which would necessitate that the Court dismiss the case for lack of standing, a prerequisite for subject matter jurisdiction as set forth more fully below.

25. Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). The "irreducible constitutional minimum" of standing requires a plaintiff to establish three elements: (1) "the plaintiff must have suffered an 'injury in fact'" that is "concrete and particularized" and "actual or imminent;" (2) "there must be a causal connection between the injury and the conduct complained of;" and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Id. at 560–61, cited in TransUnion LLC v. Ramirez, 594 U.S. ___ (2021).

26. Whether Mr. Cooper or Home Point, any litigant in Article III Federal Court, in order to have standing, has to make a nonfrivolous averment that it suffered an injury in fact, casually stemming from Amres' conduct, and because Plaintiff brought this matter under Diversity Jurisdiction, that injury in fact, must surpass $75,000.

27. Plaintiff's Complaint admits that the breach here is not due to a default of the mortgagee in making the payments within 90 days[2] (which is the most common reason for repurchase requests in the industry), but "*because the Loan was in violation of the guidelines, standards and requirements referenced in the Correspondent Agreement and Freddie Mac's Seller/Servicer Guide; specifically: (1) The property secured by the mortgage is a condominium hotel licensed as a type of transient housing in violation of Section 5701.3(b); and (2) The Homeowner's Association for the property is named a party to a lawsuit related to safety, structural soundness, functional use or habitability in violation of Section 5701.3(i).*" Exhibit A, ¶19.

---

[2] Plaintiff will have to admit that the Loan at issue was never delinquent to this day.

28. Complaint further uses too freely, the word "force", claiming that Home Point "*was **forced** to repurchase the Loan from Freddie Mac because it was not in conformity with the applicable guidelines, standards and requirements…*". Id. at ¶19.

29. However Plaintiff attaches no proof of being forced (rather than making a business decision not to contest FHA), as the record is devoid of any proof of involuntary, forceful mandate for repurchase, such as a final order of the Court, or even an Agency Order, and Defendant does not believe that any such Order compelling repurchase exists.

30. Under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court. As then-Judge Barrett succinctly summarized, "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *Casillas*, 926 F. 3d, at 332; *cited in* TransUnion LLC v. Ramirez, 594 U.S. ___ (2021).

31. The case can not continue with Home Point as named Plaintiff as it is beyond dispute that it has not existed since Aug 1st 2023.

   **B) Mr. Cooper Lacks Standing Under Ramirez Ruling, and Can Not Satisfy the Diversity Amount in Controversy Threshold**

32. If Mr. Cooper is the successor in interest for purposes of this suit and instant claim, and should be substituted as party in interest, it was Plaintiff's burden to effectuate the legal steps to set forth proper party Plaintiff in the matter, and Plaintiff has taken none of the steps by its own design, concealing from the Court, event he Amended Corporate Disclosure statement. (Ex B).

33. Without an explicit claim Assignment, Mr. Cooper can not allege with any certainty, that the conduct of Amres charged in the Home Point Complaint, casually caused more than $75,000 of losses to Mr. Cooper, given that the alleged conduct of Amres, allegedly causing a loss of over $500,000 occurred well before[3] the August 1st 2023, acquisition, so that the reasonable expectation would be that if anything this loss as any loss, would be expected to lower Mr. Cooper's price of acquisition of Home Point, not the other way around.

34. If "the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Casillas* v. *Madison Avenue Assocs., Inc.*, 926 F.3d 329, 333 (CA7 2019), cited in TransUnion LLC v. Ramirez, 594 U.S. ___ (2021).

35. Requiring a plaintiff to demonstrate a concrete and particularized injury caused by the defendant and redressable by the court ensures that federal courts decide only "the rights of individuals," *Marbury* v. *Madison*, 1 Cranch 137, 170 (1803), and that federal courts exercise "their proper function in a limited and separated government," Roberts, Article III Limits on Statutory Standing, 42 Duke L. J. 1219, 1224 (1993). Id.

36. In sum, under Article III, a federal court may resolve only "a real controversy with real impact on real persons." *American Legion* v. *American Humanist Assn.*, 588 U. S. ___, ___ (2019) (Gorsuch, J., concurring in judgment) (slip op., at 10).

37. Mr. Cooper's casual loss from Amres' alleged conduct, if any, is by virtue of superseding event of a complex financial acquisition of large proportions, too far attenuated, to allow it to make a non frivolous and non speculative that its injury in fact is "concrete and

---

[3] Notably the Complaint is for the most part silent as to when the relevant acts by Amres took place, even though the dates are known.

38. particularized" and "actual or imminent;" or that there is a causal connection between the injury and the conduct of Amres complained of.

39. The question in this case focuses on the Article III requirement that the plaintiff's injury in fact be "concrete"—that is, "real, and not abstract." *Spokeo, Inc.* v. *Robins*, 578 U.S. 330, 340 (2016) (internal quotation marks omitted); see *Susan B. Anthony List* v. *Driehaus*, 573 U.S. 149, 158 (2014); *Summers* v. *Earth Island Institute*, 555 U.S. 488, 493 (2009); *Lujan*, 504 U. S., at 560; *Schlesinger* v. *Reservists Comm. to Stop the War*, 418 U.S. 208, 220–221 (1974).

40. In other words, the Mr. Cooper's casual loss from Amres' alleged conduct, if any, is by virtue of complex financial event such as an acquisition of large proportions, too far attenuated, to allow it to make a non frivolous and non speculative claim for any damages let alone exceeding $75,000.

WHEREFORE this Court should dismiss the matter, and Pursuant to the Agreement and the 28 U.S. Code § 1332 (b) award costs and attorney fees to the Defendant.

Counsel for Defendant, Amres Corporation

/s/ Predrag Filipovic

StopRipoff.com
Predrag Filipovic, Esquire
230 S. Broad Street, 17th F., Suite 36 Philadelphia, PA 19102
Telephone: 267-265-0520

**CERTIFICATE OF SERVICE**

Counsel for Defendant Amres Corporation hereby certified that the foregoing Motion to Dismiss will be served upon Counsel for Plaintiff, upon filing by Court's ECF on or around January 15th 2024

**Neal Bailen**
**STITES&HARBISON** PLLC
400 West Market Street, Suite 1800, Louisville, KY 40202-3352323 East Court Avenue, Jeffersonville, IN 47130 *Direct: 812-218-1703*
nbailen@stites.com